998 So.2d 846 (2008)
CREAMER BROTHER'S INC. and Robert N. Creamer, Plaintiffs-Appellants,
v.
Lisa Annette Whitney HICKS a/k/a Lisa Whitney and Nelson W. Cameron, Defendants-Appellees.
No. 43,808-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
Rehearing Denied January 8, 2009.
*847 William A. Lanigan, III, Shreveport, for Appellants.
Ginger W. Johnson, Shreveport, for Appellee, Lisa Annette Whitney Hicks.
Herschel E. Richard, Jr., Jason B. Nichols, Shreveport, for Appellee, Nelson W. Cameron.
Nelson W. Cameron, In Proper Person.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
*848 WILLIAMS, J.
Plaintiffs, Creamer Brothers, Inc. and its owner, Robert N. Creamer (collectively "Creamer"), seek reversal of the district court's ruling granting summary judgment in favor of defendant, Nelson W. Cameron ("Cameron"). For the reasons that follow, the judgment of the district court is affirmed.

FACTS
In 1996, Creamer filed suit against Lisa Whitney Hicks ("Whitney") on an open account. Whitney hired Cameron, an attorney, to represent her in that matter and filed a reconventional demand, alleging, inter alia, sexual harassment. The matter was removed to federal court, and following a trial, the jury awarded Creamer $534.90 on the original demand. With regard to Whitney's claims, the jury ruled in her favor and awarded her a total of $30,200 in damages. The judgment against Creamer was affirmed by the federal appellate court on July 6, 1999.[1] Subsequently, the federal district court awarded Whitney attorney's fees in the amount of $26,522.
In September 1999, Whitney moved for a judgment debtor examination of Creamer, which was scheduled for September 27, 1999. Thereafter, the parties agreed that Whitney would forgo her right to the judgment debtor examination upon Creamer's tender of $65,000 for deposit into Cameron's client trust account. In a letter to Cameron, dated September 27, 1999, Creamer's attorney[2] acknowledged the agreement, stating:
[T]he funds will be deposited in your trust account, and will not be disbursed until the final resolution of this matter and the mutual agreement of the parties. Until that time, it is my understanding that any interest that accrues on the principle [sic] amount of $65,000 will be payable to [Whitney], pending a final affirmation of the judgment in question. As a result of this tender, the deposition of [Creamer] scheduled for this morning at 10:00 will be postponed indefinitely.
On November 4, 1999, after the delays for appeal had run, Cameron notified Creamer's trial attorney, James Madison Woods, of his intent to disburse the funds. By a letter dated November 11, 1999, Woods notified Cameron that Creamer did not agree to the disbursement. However, Cameron disbursed the funds to Whitney.
On March 29, 2004, Creamer filed the instant suit, alleging, inter alia, breach of contract and misappropriation of funds, seeking "the return of the funds delivered... in the amount of [$65,000]." Cameron filed an exception of no cause of action, which the trial court granted. This court reversed the ruling and remanded, stating, "While this may be a matter for resolution on a summary judgment, at this juncture, the petition does not fall for failure to state a cause of action." See, Creamer Brothers, Inc. v. Hicks, 39,799 (La.App.2d Cir.6/29/05), 907 So.2d 880, 886. Thereafter, Cameron filed a motion for summary *849 judgment, arguing that there were no genuine issues of material fact with regard to whether the funds were distributable when the underlying judgment became final. At the hearing on the motion, Creamer's counsel stated that he was not seeking the entire $65,000, but was seeking to recover "the difference between what Mr. Creamer asked for ... and what he tendered." The court granted summary judgment in favor of Cameron.[3] This appeal followed.

DISCUSSION
Creamer contends a genuine issue of material fact existed with regard to the intent of the parties at the time the $65,000 was tendered and deposited into Cameron's trust account. He argues that the original agreement was silent as to the reason the parties agreed to the $65,000 amount and that Cameron and Whitney were not entitled to retain the difference between the amount tendered and the amount disbursed.
In determining whether summary judgment is appropriate, appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is proper. Suire v. Lafayette City-Parish Consolidated Government, XXXX-XXXX (La.4/12/05), 907 So.2d 37. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(2) and (B). The burden of proof remains with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967(B).
Under Louisiana law, the formation of a valid and enforceable contract requires capacity, consent, a certain object and a lawful cause. Chapman v. Ebeling, 41,710 (La.App.2d Cir.12/13/06), 945 So.2d 222; Crowe v. Manufactured Housing, Inc., 38,382 (La.App.2d Cir.6/21/04), 877 So.2d 156. The court must find that there was a meeting of the minds of the parties to constitute the requirement of consent. Id.; Landers v. Integrated Health Services of Shreveport, 39,739 (La.App.2d Cir.5/11/05), 903 So.2d 609.
*850 In interpreting contracts, we are guided by the general rules contained in LSA-C.C. arts. 2045-2057. The interpretation of a contract is the determination of the common intent of the parties, with courts giving the contractual words their generally prevailing meaning unless the words have acquired a technical meaning. LSA-C.C. arts. 2045, 2047; See, Campbell v. Melton, 2001-2578 (La.5/14/02), 817 So.2d 69; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. LSA-C.C. art.2046.
Parol or extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous. Campbell, supra; Ortego v. State, Through the Dep't of Trans. & Dev., 96-1322 (La.2/25/97), 689 So.2d 1358. A contract is considered ambiguous on the issue of intent when either it lacks a provision bearing on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions or the intent of the parties cannot be ascertained from the language employed. LSA-C.C. art. 1848; Campbell, supra; Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741. Contract interpretation of ambiguous terms requires construction against the contract's drafter. See, LSA-C.C. art.2056.
In the instant case, it is undisputed that the parties agreed that Creamer would deposit $65,000 into Cameron's trust account in consideration for Whitney's agreement to forgo the judgment debtor examination. The parties also agreed that any interest accruing on the sum would belong to Whitney. However, the agreement is silent with regard to which party would be entitled to the excess amount, the difference between the amount owed and the amount tendered. In granting summary judgment, the trial court stated, "I think the filings on the motion for summary judgment indicate that any excess was indeed paid for [Whitney's] forbearance [of the judgment debtor examination]...."
We agree. The record belies Creamer's claim that a genuine issue of material fact exists with regard to why he agreed to tender $65,000. In his petition for damages, Creamer alleged that he tendered the $65,000 "as consideration for Whitney's forbearance of her right to take the judgment debtor examination...." In his deposition, Creamer testified that he tendered the $65,000 to avoid having to undergo the judgment debtor examination "to keep [Whitney] from finding out about Creamer Furniture business and everything." In his brief to this court, Creamer stated that he agreed to tender the $65,000, expecting "to get all of his money back through either the appeal to the United States Supreme Court or in a federal fraud against the Court suit...." As noted above, Creamer never filed a writ application in the United States Supreme Court and the suit that he filed in federal court on the basis of fraud was dismissed. Thus, this argument lacks merit.
Creamer also contends Cameron breached the agreement by disbursing the funds without Creamer's consent. As noted above, the parties agreed that the funds deposited would not be disbursed "until the final resolution of this matter and the mutual agreement of the parties." Creamer does not dispute the fact that the underlying judgment became final when the appellate delays elapsed. However, he argues that there was no "mutual *851 agreement" to disburse the funds. Cameron contends that portion of the agreement is unenforceable because the consent condition contained in the agreement is a suspensive condition subject to Creamer's whim, and therefore, the obligation is null. When this matter came before this court on the exception of no cause of action, this court addressed that issue, stating:
[LSA-C.C. art. 1770] states, "A suspensive condition that depends solely on the whim of the obligor makes the obligation null." While Creamer's failure to consent to disbursal of the funds to satisfy the judgment against him upon finality of that judgment certainly appears unreasonable, the petition and attached exhibits also show that there was some dispute as to the final amount owed, particularly as to attorney fees payable to Cameron for post-judgment collection efforts.
(Internal citation omitted).
In response to the motion for summary judgment and in this appeal, Creamer did not dispute the amount of attorney's fees owed or paid to Cameron. More importantly, Creamer has not asserted any justification for his staunch refusal to consent to the disbursal of the funds, other than his claim that he did not intend to tender the entire $65,000 as payment for the judgment. As we concluded above, that argument is not supported by the record. Creamer admitted that he was hoping to obtain a reversal of the underlying judgment against him so that the $65,000 would be returned to him. However, he was unsuccessful in his attempts. Therefore, after a review of the motion for summary judgment and the accompanying documents, we find that the amount tendered by Creamer to Whitney and Cameron was done so either in satisfaction of the final judgments rendered against Creamer or in consideration of their agreement to forgo the scheduled judgment debtor examination. Consequently, we conclude that Creamer failed to set forth any specific facts showing that there was a genuine issue for trial, and the district court did not err in granting summary judgment in favor of the defendant, Cameron.

CONCLUSION
For the reasons stated above, the district court's grant of summary judgment in favor of the defendant, Nelson W. Cameron, is hereby affirmed. Costs of the appeal are assessed to plaintiffs, Creamer Brothers, Inc. and Robert N. Creamer.
AFFIRMED.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS and DREW, JJ.
Rehearing denied.
NOTES
[1] Creamer Brothers, Inc. v. Whitney, 189 F.3d 470 (5th 1999) (unpublished). Creamer did not file an application for certiorari with the United States Supreme Court. However, two years later, Creamer filed another suit in federal court seeking to have the previous judgment annulled, alleging "fraud on the court." The suit was dismissed on the basis of failure to state a claim under Fed.R.Civ.P. art. 60(b) and the ruling was affirmed on appeal. Creamer v. Hicks, 61 Fed.Appx. 121, 2003 WL 342340 (5th 2003) (unpublished).
[2] Deryl Medlin was Creamer's attorney at the time of the written acknowledgment of the agreement between the parties.
[3] Cameron also filed an exception of prescription; however, the court pretermitted that issue.